FILED

Benjamin R. Trachtman, Esq. [SBN 137458]
Ryan M. Craig, Esq. [SBN 220648]
TRACHTMAN & TRACHTMAN
27401 Los Altos, Suite 300
Mission Viejo, CA  92691
Telephone:  (949) 282-0100
Facsimile:  (949) 282-0111
btrachtman@trachtmanlaw.com

10 SEP 17  AM 10: 16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Defendant TARGET STORES, a division of
TARGET CORPORATION, erroneously sued and served herein as
TARGET CORPORATION, a Minnesota corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ROSEMARY VERDUGO, mother,
successor and heir of MARY ANN
VERDUGO, Decedent; and
MICHAEL VERDUGO, brother of
Decedent; and a class of individuals
similarly situated,

       Plaintiffs,

   vs.

TARGET CORPORATION, a
Minnesota corporation; JOHN DOES
and JANE DOES 1-10; and XYZ
CORPORATIONS, 1-100,

       Defendants.

CASE NO. CV10 6930-ODW (AJWx)

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §1441(b)
(DIVERSITY)

TO:   THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA:

    Defendant TARGET STORES, a division of TARGET CORPORATION
("TARGET") notices the removal of this action to the United States District
Court, and, in support thereof, states as follows:

    1.   On August 17, 2010, Plaintiffs ROSEMARY VERDUGO and
MICHAEL VERDUGO, on behalf of themselves and on behalf of a class of
individuals similarly situated, filed an action in the Superior Court of the State of

California, in and for the County of Los Angeles, Central District (Case No. BC443981) entitled "ROSEMARY VERDUGO, mother, successor and heir of MARY ANN VERDUGO, Decedent; and MICHAEL VERDUGO, brother of Decedent; and a class of individuals similarly situated, Plaintiffs vs. TARGET CORPORATION, a Minnesota corporation; JOHN DOES and JANE DOES 1-10; and XYZ CORPORATIONS, 1-100, Defendants." Notably, TARGET STORES, a division of TARGET CORPORATION, is the proper name of Defendant given said entity is the sole possible Defendant owner and/or operator of the subject premises where Plaintiffs claim to have sustained damages.

2.     Service of the Summons and Complaint upon TARGET was made by personal service on August 18, 2010.

3.     No further proceedings have occurred in the matter now pending before the Los Angeles County Superior Court, other than the Superior Court declined Plaintiffs' request to have their case deemed "complex".

4.     TARGET is and was at the time this action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in that State.  Defendant has confirmed that Plaintiffs are residents and citizens of the State of California.  There is now, and there was at the time of the commencement of this action, complete diversity between Plaintiffs and Defendant.

5.     The Complaint alleges claims for wrongful death; survival action; survival action under EADACPA; unfair business practice [*Business & Professions Code §17200*]; negligent infliction of emotional distress; and for premises liability to business invitees.  Plaintiffs pray for the recovery of general and special compensatory damages, and for prejudgment interest on those damages according to law; general damages for the loss of care, comfort, and society; special damages for the cost of burial and related expenses; general damages for emotional distress, all in an amount according to proof; for punitive

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

1  damages under *Civil Code §3294* according to proof and for treble damages
2  under *Civil Code §3345*; for attorney fees under *Welfare & Institutions Code*
3  *§15657(a)* and *Code of Civil Procedure §1021.5*; for costs of suit incurred and
4  for such other and further relief as the Court may deem just and proper.  In
5  addition, the Plaintiffs seek certification of the class of Plaintiffs similarly
6  situated and seek preliminary and permanent injunctive relief.

7      6.    The sum of the damages alleged by Plaintiffs ROSEMARY
8  VERDUGO  and  MICHAEL  VERDUGO  necessarily  exceed  $75,000.00,
9  exclusive of interest and costs, based on the following facts:  On August 31,
10  2008, Plaintiff ROSEMARY VERDUGO, mother of the decedent, and Plaintiff
11  MICHAEL  VERDUGO,  brother  of  the  decedent,  were  accompanying  the
12  decedent on a shopping trip to Defendant TARGET.  While shopping with the
13  Plaintiffs, the decent allegedly lost consciousness and fell backwards onto a
14  metal merchandise rack, slamming her head against it, and suffering cardiac
15  arrest, which seizure prevented blood from flowing to her vital organs, including
16  her brain leading to her sudden death within a few minutes after her loss of
17  consciousness.  As a result of this incident, Plaintiffs ROSEMARY VERDUGO
18  and MICHAEL VERDUGO claim to have sustained significant accident-related
19  damages.  Based on the allegations made in Plaintiffs' Complaint, including
20  wrongful death, and their request for class action certification and punitive and
21  treble  damages,  I  believe  that  the  amount  in  controversy  clearly  exceeds
22  $75,000.00.

23      7.    This Court has original jurisdiction over the subject matter of this
24  action under the provisions of Section 1332 of Title 28 of the United States Code
25  in that there is complete diversity between the parties and more than $75,000.00
26  in controversy, exclusive of interest and costs.  Pursuant to Section 1441 of Title
27  28 of the United States Code, TARGET is therefore entitled to remove this action
28  to this Court.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

8.     Thirty days have not elapsed since Defendant was served with the Summons and Complaint in this action.  A copy of the Summons for TARGET and the CT Corporation's "Service of Process Transmittal" are attached hereto and marked as Exhibit "A." Attached as Exhibit "B" is a copy of the Complaint. Attached as Exhibit "C" is the Civil Case Cover Sheet with Addendum and Statement of Location.  Attached as Exhibit "D" are the Court's Notice of Case Assignment and Alternative Dispute Resolution (ADR) Information Package. Exhibits "A" - "D" comprise all of the papers and pleadings served on TARGET STORES, a division of TARGET CORPORATION.

9.     A true and correct copy of this Notice of Removal will be filed immediately with the Clerk of the Los Angeles County Superior Court.

10.     JOHN DOES and JANE DOES 1-10 and XYZ CORPORATIONS, 1-100, are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

Based on the foregoing, TARGET STORES, a division of TARGET CORPORATION, removes the above action now pending in the Superior Court, in and for the County of Los Angeles, as Case No. BC443981, to this Court.


DATED: September 13, 2010     TRACHTMAN & TRACHTMAN



By: _____
Benjamin R. Trachtman
Ryan M. Craig
27401 Los Altos, Suite 300
Mission Viejo, CA  92691
Email:  btrachtman@trachtmanlaw.com
Email:  rcraig@trachtmanlaw.com
Telephone:  (949) 282-0100
Facsimile:  (949) 282-0111
Attorneys for Defendant TARGET STORES, a
division of TARGET CORPORATION

-4-

# PROOF OF SERVICE
## FRCP 5

State of California   )
         ) ss.
County of Orange    )

  I, Stephanie Straka, the undersigned, am over the age of 18 years and not a party to this action. I am employed with the law firm of Trachtman & Trachtman, whose address is 27401 Los Altos, Suite 300, Mission Viejo, California 92691.

  On September 17, 2010, I served the interested parties in this action with the following documents:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY); CIVIL COVER SHEET; AND NOTICE OF INTERESTED PARTIES**

as follows:

| *[ ] BY ELECTRONIC TRANSMISSION:* | |
|---|---|
| I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office. | |

*[X]  BY MAIL:*  I deposited such envelope in the mail at Mission Viejo, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firms' practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Mission Viejo, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) placing (  ) the original (X) a true copy thereof enclosed in the sealed envelopes addressed as follows:

David G. Eisenstein, Esq.
**LAW OFFICES OF DAVID G. EISENSTEIN**
4027 Aidan Circle
Carlsbad, California  92008
T: (760) 730-7900 / F: (760) 730-7903
 **Counsel for Plaintiffs**

-5-

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

1      I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.

3      Executed on September 17, 2010, at Mission Viejo, California.

Stephanie Straka, Declarant

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/18/2010
CT Log Number 517136050

**TO:** Jason Walbourn, Senior Counsel - Litigation
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-

**RE:** **Process Served in California**

**FOR:** Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rosemary Verdugo, mother, successor and heir of Mary Ann Verdugo, Decedent, and Michael Verdugo, brother of Decedent, and a class of individuals similarly situated, Pltfs. vs. Target Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Cover Sheet Addendum, Complaint, Declaration, Attachment(s), Notice, Instructions |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA Case # BC443981 |
| **NATURE OF ACTION:** | Wrongful Death - Failure to Maintain Premises in a Safe Condition - 08/31/08 - 8800 Whittier Blvd., Pico Rivera, CA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2010 at 14:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | David G. Eisenstein Law Offices of David G. Eisenstein, P.C. 4027 Aidan Circle Carlsbad, CA 92008 760 730 7900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2010, Expected Purge Date: 08/23/2010 Image SOP Email Notification, Non Employee Litigation Target gl.legal@target.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY 2-18-00 2:40

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 17 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUGENA LOPEZ

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, a Minnesota corporation; JOHN DOES and
JANE DOES 1-10; and XYZ CORPORATIONS, 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSEMARY VERDUGO, mother, successor, and heir of MARY ANN VERDUGO,
Decedent; and MICHAEL VERDUGO, brother of Decedent; and a class of
individuals similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California for the
County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número de Caso):* **BC443981**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David G. Eisenstein, LAW OFFICES, DAVID G. EISENSTEIN, P.C., 4027 Aidan Circle, Carlsbad, CA 92008

DATE:                     Clerk, by _____, Deputy
*(Fecha)*                   *(Secretario)*         *(Adjunto)*
JOHN A. CLARKE CLERK
RUGENA LOPEZ

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corporation, a Minnesota corporation

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT B

COPY

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 7 2010

JOHN A. Clarke, Executive Office/Clerk
By _____ , Deputy
ROGENA LOPEZ

1  DAVID G. EISENSTEIN, ESQ., Bar No. 224646
2  Law Offices of David G. Eisenstein, P.C.,
   4027 Aidan Circle
3  Carlsbad, California 92008
   (760) 730-7900 TEL
4  (760) 730-7903 FAX
   eisenlegal@aol.com
5
6  Attorney for Plaintiffs

7            SUPERIOR COURT OF CALIFORNIA
8            FOR THE COUNTY OF LOS ANGELES

9
10  ROSEMARY VERDUGO, mother,          )   No. :
    successor and heir of MARY ANN     )
11  VERDUGO, Decedent; and MICHAEL     )   CLASS ACTION        BC443981
    VERDUGO, brother of Decedent; and a )
12  class of individuals similarly situated )   COMPLAINT FOR DAMAGES AND
                                         )   INJUNCTIVE RELIEF:
13         Plaintiffs                    )
                                         )   WRONGFUL DEATH; SURVIVAL
14  vs                                   )   ACTION; SURVIVAL ACTION UNDER
                                         )   BADACPA; UNFAIR BUSINESS
15  TARGET CORPORATION, a Minnesota      )   PRACTICE [BUS & P C §17200];
16  corporation; JOHN DOES and JANE DOES )   NEGLIGENT INFLICTION OF
    1-10; and XYZ CORPORATIONS, 1-100    )   EMOTIONAL DISTRESS; PREMISES
17                                       )   LIABILITY TO BUSINESS INVITEES
18         Defendants.                   )
                                         )
19                                       )

20
21
22
23  For their Complaint, Plaintiffs allege:

24
25            CLASS ACTION ALLEGATIONS

26  a.    The named Plaintiffs are members of a class of numerous, but ascertainable Plaintiffs

27        and those decedents and other injured persons whom they represent, who have a well

28        defined community of interest in recovering the damages suffered by reason of the

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION · 1

policies and practices of the named Defendant, TARGET CORPORATION, and by the fictitiously named Defendants.

b. The proceeding and certification as a class, due to the anticipated high number of class members to be revealed in discovery, is superior to proceeding by other methods, and proceeding by a class action certification should provide substantial benefits to litigants and the courts.

c. There is a community of interest embodied by predominant questions of law and facts, the class representatives have claims typical of the class, and the class representatives can adequately represent the class of Plaintiffs.

COUNT I
(WRONGFUL DEATH)

1. Plaintiff ROSEMARY VERDUGO is the mother, successor and statutory heir of her deceased daughter MARY ANN VERDUGO, who was a dependent adult as she had developmental disabilities and mental and verbal limitations leaving her incapable of asking for help and protection . Plaintiff MICHAEL VERDUGO is the brother of the decedent. Both ROSEMARY VERDUGO and MICHAEL VERDUGO (hereinafter "Plaintiffs") resided with decedent MARY ANN VERDUGO (hereinafter "decedent") for decedent's entire life, spanning 49 years, beginning when she was born on March 1, 1959 until the date of her death, August 31, 2008. Plaintiff ROSEMARY VERDUGO shall comply with CCP §377.32, by filing an affidavit as provided in that section. In addition, said Plaintiff has standing to commence and maintain this action as MARY ANN VERDUGO'S Welf & I C §15657.3(d) successor and heir.

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 2

2.  Defendant TARGET CORPORATION is a Minnesota corporation organized and existing under the laws of the State of Minnesota and doing business in Los Angeles County and throughout the State of California;

3.  Plaintiffs are ignorant of the names of those Defendants sued as Does 1-10 and XYZ Corporations 1-100, and for that reason has sued such Defendants by said fictitious names. Plaintiffs will seek leave of the court to amend this complaint to reflect the names when they have been ascertained.

4.  Defendant TARGET CORPORATION is the owner and operator of a large department store located at 8800 Whittier Boulevard, in the City of Pico Rivera, County of Los Angeles, State of California where, late on the morning of August 31, 2008, while shopping with the Plaintiffs, decedent lost consciousness without warning and fell backwards onto a metal merchandise rack, slamming her head against it, and suffering cardiac arrest, which seizure prevented blood from flowing to her vital organs, including her brain leading to her sudden death within a few minutes after her loss of consciousness.   While paramedic EMTs assigned to the Pico Rivera fire station  by the Los Angeles County Fire Department were called, responded to the scene, and attempted to revive her, it took them several minutes to get to the store curbside and then several more to get to the location of the decedent within the huge store, where they were helpless to save decedent's life by the time they reached her and commenced attending to her. Defendant TARGET CORPORATION, through its agents and representatives knew or were deliberately and/or recklessly indifferent to the fact that no matter how quickly an ambulance or other paramedic vehicle could get to the store, it would be too late for a sudden cardiac arrest victim such as decedent, who had no more than five minutes from the moment of her sudden

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 3

cardiac arrest resulting in her collapse to receive the life saving first aid which Defendant TARGET CORPORATION, through its agents and representatives, should have provided.

5. The decedent lost her life due to the intentional, reckless, grossly negligent, and/or negligent failure and refusal of the Defendant TARGET CORPORATION, through its authorized agents and representatives, to adequately provide its employees and customers, the Defendant's business invitees, with adequate first aid in the event of such an emergency, which refusal was the deliberate policy of Defendant TARGET CORPORATION to not have on hand within its department stores an automated external defibrillator (AED), at a cost of less than $2,000, a device which is so inexpensive and easy to use that Defendant TARGET CORPORATION has sold it to its customers for around $1,200 on the internet, for use by trained store personnel in the event of such sudden cardiac arrests, which are inevitable due to the heavy traffic to and through the said department stores by hundreds, thousands, and over time, millions of customers.

6. Sudden Cardiac Arrest (hereinafter "SCA") according to the SCA Association (SCAA), is "an electrical disruption of the heart's ability to pump blood and strikes nearly 300,000 Americans each year. Less than 8% percent of SCA victims survive because they do not receive immediate cardiopulmonary resuscitation (CPR) and the accompanying shock of an...[AED] to restore the heart's natural rhythm."

7. The inexpensive availability of AEDs and their ease of use with even minimal or no advance training have led to on-site CPR and AED assistance to now be an expected part of first aid response. First aid is part of the duty owed by businesses to their employees and invitees, the duty to maintain the safety of their invitees.

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 4

8. Defendants sued as Does 1-10 and XYZ corporations 1-100 are operators of large department stores, each occupying and holding open to the public more than 50,000 square feet of contiguous retail space within one or more contiguous buildings. Said fictitiously named Defendants, as does Defendant TARGET CORPORATION, fail and refuse to have AEDs on hand in case of such sudden cardiac arrests, a device which is so inexpensive and easy to use that many of said fictitiously named Defendants have sold it to their customers for around $1,200 on the internet, attempting to justify their policies by a fear of liability in the event an AED was used but did not save the life of the person despite its use. The American Red Cross indicates "shopping malls are one of the most likely spots for cardiac arrest to occur." Deaths at department stores who have a policy of not providing an accessible AED are inevitable due to the heavy traffic to and through the said department stores by hundreds, thousands, and over time, millions of customers.

9. The breach of the duty to provide reasonable first aid, as set forth above, was the legal result of the motive and plan set forth in this Complaint which is the intentional, reckless, or grossly negligent refusal of the Defendant TARGET CORPORATION, through its authorized agents and representatives, and the other fictitiously named Defendants through their agents and representatives, to adequately provide its employees and customers, the Defendant's business invitees, with adequate first aid in the event of such an emergency, which refusal is the deliberate policy of said Defendants to not have on hand within their large department stores an automated external defibrillator (AED), at a cost of less than $2,000, for use by trained store personnel in the event of such sudden cardiac arrests. Said policy, when set and executed by huge, even cavernous, retail department stores, is an unreasonably dangerous policy resulting in their stores being unsafe for the public they invite into them, and resulting in the avoidable deaths and/or

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 5

other serious bodily harm to their employees and customers, their business invitees, to whom they owe a duty to render appropriate first aid and make and keep their premises safe for them against foreseeable harm, including the fairly common onset of sudden cardiac arrest.

10. Unless the Defendant TARGET CORPORATION, its agents and representatives, and the fictitiously named Defendants, and their agents and representatives, are enjoined from opening their huge retail stores for business each day without reasonable and proper first aid being made available by them, namely CPR ad AED, the class of Plaintiffs sought to be protected hereby will continue to needlessly suffer death and other serious bodily injury from cardiac arrest.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For certification of the class of Plaintiffs;

2. For preliminary injunctive relief pending the outcome of trial, and then permanent relief enjoining the Defendant TARGET CORPORATION,  its agents and representatives, and the fictitiously named Defendants, and their agents and representatives, from opening their huge retail stores on a daily basis without adequately providing for the safety of their business invitees by having readily accessible onsite CPR and AED immediately available for those who suffer sudden cardiac arrest on their premises;

3. For general and special compensatory damages according to proof at trial.  For prejudgment interest on those damages according to law;

4. For punitive damages under CC §3294 according to proof at trial and for treble damages under CC §3345;

5. For attorney fees under Welf & I C §15657(a) and CCP §1021.5;

6. For general damages for the loss of care, comfort, and society, in a sum according to proof at trial;

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 6

7. For special damages for the cost of burial and related expenses;

8. For general damages for emotional distress in a sum according to proof at trial;

9. For costs of suit and for such other and further relief as the court deems just and proper;

## COUNT II
## (SURVIVAL ACTION)

11. Plaintiffs reallege all of the foregoing allegations as though fully set forth herein.

12. Plaintiff ROSEMARY VERDUGO is entitled to bring a survival action under CCP §§377.30 and 377.32 for punitive or exemplary damages by reason of the death of decedent due to the malice, fraud, and/or oppression of Defendant TARGET CORPORATION through its agents and representatives.  Other similarly situated class members entitled to bring survival actions under California law may recover punitive or exemplary damages for such conduct by the Defendants, their agents and representatives, including the fictitiously claimed Defendants.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For certification of the class of Plaintiffs;

2. For preliminary injunctive relief pending the outcome of trial; and then permanent relief enjoining the Defendant TARGET CORPORATION,  its agents and representatives, and the fictitiously named Defendants, and their agents and representatives , from opening their huge retail stores on a daily basis without adequately providing for the safety of their business invitees by having readily accessible onsite CPR and AED immediately available for those who suffer sudden cardiac arrest on their premises;

3. For general and special compensatory damages according to proof at trial.  For prejudgment   interest on those damages according to law;

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 7

4. For punitive damages under CC §3294 according to proof at trial and for treble damages under CC §3345;

5. For attorney fees under Welf & I C §15657(a) and CCP §1021.5;

6. For general damages for the loss of care, comfort, and society, in a sum according to proof at trial;

7. For special damages for the cost of burial and related expenses;

8. For general damages for emotional distress in a sum according to proof at trial;

9. For costs of suit and for such other and further relief as the court deems just and proper;

## COUNT III
### (SURVIVAL ACTION FOR DEPENDENT ADULT)

13. Plaintiffs reallege each and every allegation set forth hereinabove as though fully set forth herein.

14. Plaintiff ROSEMARY VERDUGO has standing to bring this survival action under the provisions of the Elder Abuse and Dependent Adult Civil Protection Act (EADACPA) under Welf & I C §15657.3(d).

15. By virtue of the neglectful conduct resulting in the harm referenced herein, as it relates to elders and dependent adults who are or were business invitees, Defendant TARGET CORPORATION through its agents and representatives and the fictitiously named Defendants through their agents and representatives have violated Pen C §368, which prohibits the causing or permitting of circumstances to exist which are likely to cause great harm or death to an elder or dependent adult, which is a felony.   Defendant TARGET CORPORATION through its agents and representatives, and the fictitiously named Defendants, and each of them through their agents and representatives, in the case of elders and dependent adults, such as the

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 8

decedent MARY ANN VERDUGO herein, have acted with malice, fraud and/or oppression, and an award of punitive damages in a sum according to proof at trial is justified, warranted, and appropriate.

16. The conduct of Defendant TARGET CORPORATION through its agents and representatives and that of the fictitiously named Defendants through their agents and representatives as it applies in the case of elders and dependent adults within the class of Plaintiffs constitutes, recklessness, oppression, fraud, and/or malice and therefore entitle the Plaintiff ROSEMARY VERDUGO to recover her attorneys' fees and court costs in bringing this suit, as well as for decedent's pain and suffering before her death under the provisions of Welf & I C §§15657(a) and (b).

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For certification of the class of Plaintiffs;

2. For preliminary injunctive relief pending the outcome of trial, and then permanent relief enjoining the Defendant TARGET CORPORATION, its agents and representatives, and the fictitiously named Defendants, and their agents and representatives , from opening their huge retail stores on a daily basis without adequately providing for the safety of their business invitees by having readily accessible onsite CPR and AED immediately available for those who suffer sudden cardiac arrest on their premises;

3. For general and special compensatory damages according to proof at trial.  For prejudgment   interest on those damages according to law;

4. For punitive damages under CC §3294 according to proof at trial and for treble damages under CC §3345;

5. For attorney fees under Welf & I C §15657(a) and CCP §1021.5;

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 9

6. For general damages for the loss of care, comfort, and society, in a sum according to proof at trial;

7. For special damages for the cost of burial and related expenses;

8. For general damages for emotional distress in a sum according to proof at trial;

9. For costs of suit and for such other and further relief as the court deems just and proper;

COUNT IV
(Unfair Business Practice)

17. Plaintiffs reallege each and every allegation set forth hereinabove as though fully set forth herein.

18. Defendant TARGET CORPORATION'S conduct, as alleged herein, is part of a general business practice at TARGET CORPORATION department stores (and at every other department store operated by it in the State of California) by fictitiously named Defendants at their department stores operated in the State of California.

19. This practice constitutes an unfair and fraudulent business practice within the meaning of Bus & P C §17200.

20. Plaintiffs are entitled to attorney fees under CCP §1021.5.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For certification of the class of Plaintiffs;

2. For preliminary injunctive relief pending the outcome of trial, and then permanent relief enjoining the Defendant TARGET CORPORATION, its agents and representatives, and the fictitiously named Defendants, and their agents and representatives, from opening their huge retail stores on a daily basis without adequately providing for the safety of

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 10

their business invitees by having readily accessible onsite CPR and AED immediately available for those who suffer sudden cardiac arrest on their premises;

3. For general and special compensatory damages according to proof at trial. For prejudgment interest on those damages according to law;

4. For punitive damages under CC §3294 according to proof at trial and for treble damages under CC §3345;

5. For attorney fees under Welf & I C §15657(a) and CCP §1021.5;

6. For general damages for the loss of care, comfort, and society, in a sum according to proof at trial;

7. For special damages for the cost of burial and related expenses;

8. For general damages for emotional distress in a sum according to proof at trial;

9. For costs of suit and for such other and further relief as the court deems just and proper;


COUNT V
(Negligent Infliction of Emotional Distress)

21. Plaintiffs reallege each and every allegation set forth hereinabove as though fully set forth herein.

22. Plaintiff ROSEMARY VERDUGO, mother of the decedent, and Plaintiff MICHAEL VERDUGO, brother of the decedent, were accompanying the decedent on their shopping trip to Target on August 31, 2008, the day she died, and were present while she gasped for air, made sounds of suffering, was unconscious, without being revived, and finally, when she died.

23. The conduct of the Defendant TARGET CORPORATION, by and through its agents and representatives, as alleged, caused Plaintiffs ROSEMARY and MICHAEL VERDUGO to

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 11

sustain severe emotional injury, and severe physical and mental pain and suffering, to their damage in a sum according to proof at trial.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For certification of the class of Plaintiffs;

2. For preliminary injunctive relief pending the outcome of trial, and then permanent relief enjoining the Defendant TARGET CORPORATION, its agents and representatives, and the fictitiously named Defendants, and their agents and representatives, from opening their huge retail stores on a daily basis without adequately providing for the safety of their business invitees by having readily accessible onsite CPR and AED immediately available for those who suffer sudden cardiac arrest on their premises;

3. For general and special compensatory damages according to proof at trial. For prejudgment interest on those damages according to law;

4. For punitive damages under CC §3294 according to proof at trial and for treble damages under CC §3345;

5. For attorney fees under Welf & I C §15657(a) and CCP §1021.5;

6. For general damages for the loss of care, comfort, and society, in a sum according to proof at trial;

7. For special damages for the cost of burial and related expenses;

8. For general damages for emotional distress in a sum according to proof at trial;

9. For costs of suit and for such other and further relief as the court deems just and proper;

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 12

## COUNT VI
### (Breach of Duty to Business Invitees)

24. Plaintiffs reallege each and every allegation set forth hereinabove as though fully set forth herein.

25. The conduct of Defendant TARGET CORPORATION, through its agents and representatives, in willfully breaching its duties of care to its employees and business invitees, and the conduct of the fictitiously named Defendants, through their agents and representatives, in willfully breaching their duties of care to their employees and business invitees, has caused severe bodily harm and death and will continue to do so affecting tens of thousands of their business invitees, and their loved ones, successors and heirs per year, every year, just in the State of California alone, unless enjoined by the Court preliminarily pending trial and then permanently at the completion of trial.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For certification of the class of Plaintiffs;

2. For preliminary injunctive relief pending the outcome of trial, and then permanent relief enjoining the Defendant TARGET CORPORATION, its agents and representatives, and the fictitiously named Defendants, and their agents and representatives , from opening their huge retail stores on a daily basis without adequately providing for the safety of their business invitees by having readily accessible onsite CPR and AED immediately available for those who suffer sudden cardiac arrest on their premises;

3. For general and special compensatory damages according to proof at trial. For prejudgment   interest on those damages according to law;

4. For punitive damages under CC §3294 according to proof at trial and for treble damages under CC §3345;

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 13

5. For attorney fees under Welf & I C §15657(a) and CCP §1021.5;

6. For general damages for the loss of care, comfort, and society, in a sum according to proof at trial;

7. For special damages for the cost of burial and related expenses;

8. For general damages for emotional distress in a sum according to proof at trial;

9. For costs of suit and for such other and further relief as the court deems just and proper;

Dated: August 17, 2010

LAW OFFICES OF DAVID G. EISENSTEIN, P.C.

David G. Eisenstein,
Attorney for Plaintiffs

CLASS ACTION COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION - 14

COPY

## DECLARATION OF ROSEMARY VERDUGO

(Required Under § 377.32 Civ. Proc.)

(1) The decedent's name is ROSEMARY VERDUGO.

(2) The date and place of the decedent's death August 31, 2008 at Pico Rivera, California.

(3) No proceeding is now or ever has been pending in California for administration of the decedent's estate.

(4) The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding.

(5) No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

A certified copy of the decedent's death certificate is attached to this declaration.

The declarant hereby affirms or declares on this date in Maywood, California, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 17th day of August, 2010.

_Rosemary Verdugo_ 8/17-2010

ROSEMARY VERDUGO

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

## COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

**CERTIFICATE OF DEATH**     3200819036856

| MARY | ANN | VERDUGO | | F |
|------|-----|---------|---|---|

/1959   49     NEVER MARRIED   08/31/2008   1232

CA   UNK   [ ] YES [X] NO

12 ND   [X] YES   MEX/AMER   WHITE

STUDENT   EDUCATION   13

MAYWOOD   49   CA

ROSEMARY VERDUGO, MOTHER   MAYWOOD, CA

FRANK   VERDUGO   AZ

ROSEMARY   RODRIGUEZ   CO

09/08/2008   RESURRECTION CEMETERY   966 N. POTRERO GRANDE DR., MONTEBELLO, CA 90640

BURIAL   VICTORIA ROY   EMB8854

GUERRA & GUTIERREZ MORTUARIES   FD28   JONATHAN FIELDING, MD   09/05/2008

BEVERLY HOSPITAL

LOS ANGELES   309 WEST BEVERLY BLVD   MONTEBELLO

2008-06114   UNK

ATHEROSCLEROTIC HEART DISEASE

NONE

NO

REGINA M AUGUSTINE   09/04/2008   REGINA M AUGUSTINE, DEPUTY CORONER

*H01323933*

This is a true certified copy of the record filed in the County of Los Angeles
Department of Public Health if it bears the Registrar's signature in purple ink.

DATE ISSUED   037   SEP 08 2008

Director of Public Health and Registrar

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

# EXHIBIT C

COPY

CM-010

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 17 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
ROGER NELEZ

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address): | |

SBN:224646
David G. Eisenstein, Esq.
LAW OFFICES OF DAVID G. EISENSTEIN, P.C.
4027 Aidan Circle, Carlsbad, CA 92008
TELEPHONE NO: 760-730-7900   FAX NO: 760-730-7903
ATTORNEY FOR (Name): Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street, Los Angeles, CA 90012
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME: Central District/Stanley Mosk Courthouse

CASE NAME:
*Mary Ann Verdugo vs Target Corporation et al*

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | BC443981 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/17/10

David G. Eisenstein
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

COPY

| SHORT TITLE: ROSEMARY VERDUGO, ET AL. VS. TARGET CORPORATION | CASE NUMBER: BC443981 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

8/20/2010                    000755854F0001                    6020100820001461

| SHORT TITLE: ROSEMARY VERDUGO, ET AL. VS. TARGET CORPORATION | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

8/20/2010     000755854F0001     602010082000146

1

| SHORT TITLE: ROSEMARY VERDUGO, ET AL. VS. TARGET CORPORATION | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>ROSEMARY VERDUGO, ET AL. VS. TARGET CORPORATION | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: |
|---|---|
| CITY: | STATE:      ZIP CODE: |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: August 17, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC443981

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

                                                                By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 2 of 2

8/20/2010                          00075585470001                          6020100820001461

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | TELEPHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-6072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3180 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-5272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 508 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)568-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-8130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV10- 6930 ODW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.